UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MAVERICK RECORDING COMPANY, a
California joint venture; INTERSCOPE RECORDS,
a California general partnership; ARISTA
RECORDS LLC, a Delaware limited liability
company; WARNER BROS. RECORDS INC., a
Delaware corporation; LAVA RECORDS LLC, a
Delaware limited liability company; ELEKTRA
ENTERTAINMENT GROUP INC., a Delaware
corporation; VIRGIN RECORDS AMERICA, INC.,
a California corporation; CAPITOL RECORDS,
INC., a Delaware corporation; ATLANTIC
RECORDING CORPORATION, a Delaware
corporation; BMG MUSIC, a New York general
partnership; MOTOWN RECORD COMPANY,
L.P., a California limited partnership; UMG
RECORDINGS, INC., a Delaware corporation;
SONY BMG MUSIC ENTERTAINMENT, a
Delaware general partnership; PRIORITY
RECORDS LLC, a California limited liability
company; and LAFACE RECORDS LLC, a
Delaware limited liability company,

          Plaintiffs,

-against-

DOES 1 - 10,

          Defendants.

Civil Action No.: 1:07-cv-03100-PAC

---

## MOTION FOR RECONSIDERATION

Plaintiffs, through their undersigned counsel, respectfully move this Court to reconsider the terms of its April 18, 2007 Order permitting Plaintiffs to take immediate discovery.

In support thereof, Plaintiffs represent as follows:

1. On April 18, 2007, simultaneously with their Complaint, Plaintiffs filed an *Ex Parte* Application for Leave to Take Immediate Discovery ("Application"), seeking the Court's permission to serve limited, immediate discovery on a third party Internet Service

Provider ("ISP"), Time Warner Cable ("Time Warner"), to determine the true identities of the Doe Defendants identified in Plaintiffs' Complaint, each of whom is being sued for copyright infringement.

2.  As part of their Application, Plaintiffs requested "that the Court make clear in its Order on Plaintiffs' Application that Time Warner is authorized to respond to the subpoena pursuant to the Cable Communications Policy Act." See Plaintiffs' Memorandum of Law in Support of *Ex Parte* Application for Leave to Take Immediate Discovery ("Memorandum of Law") at 8-9 (citation omitted). Plaintiffs requested this language because several cable ISPs have expressed concern about their obligations under Section 551(c)(2)(B) of the Cable Communications Policy Act ("Cable Act") and some have taken the position that a court order pursuant to the Cable Act is required before they will disclose subscriber information. Id. at 9.

3.  To address the ISP's concerns regarding its obligations under the Cable Act, and to ensure a timely response to Plaintiffs' subpoena, the Proposed Order that Plaintiffs' submitted with their Application stated that Time Warner's disclosure of the requested information was "ordered pursuant to 47 U.S.C. § 551(c)(2)(B)."

4.  Though the Court granted Plaintiffs' Application and issued an Order Granting Plaintiffs' *Ex Parte* Application For Leave To Take Immediate Discovery ("Order"), the Court struck from the Order Plaintiffs' proposed statement that the Order was being issued "pursuant to 47 U.S.C. § 551(c)(2)(B)."

5.  On April 26, 2007, Plaintiffs served on Time Warner the third party subpoena and the Court's Order.

6. Shortly after receiving the subpoena and a copy of the Court's Order, Time Warner notified Plaintiffs' counsel that it is taking the position that the Cable Act prohibits it from disclosing its subscribers' personally identifiable information unless ordered to do so by a court *under the Cable Act*. Time Warner is therefore refusing to respond to the subpoena unless it receives clarification that the Court's Order was made in a manner "consistent with" the Cable Act.

7. In an effort to accommodate Time Warner's concerns regarding its obligations under the Cable Act and to obtain a response to the subpoena without further delay and unnecessary litigation, Plaintiffs' counsel agreed to ask the Court to reconsider the terms of its April 18, 2007 Order.

8. The relief requested by Plaintiffs is *expressly* authorized by the Cable Act, which provides that "[a] cable operator may disclose [personally identifiable] information" if the disclosure of the information is "made *pursuant to a court order* authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed." 47 U.S.C. § 551(c)(2)(B) (emphasis added). In compliance with the Cable Act, Time Warner will have ample opportunity to notify the Doe Defendants that their personally identifiable information will be disclosed and the Doe Defendants will have ample opportunity to raise any objections they may have. Memorandum of Law at 11.

9. Accordingly, and because Time Warner's refusal to respond to the subpoena will prevent Plaintiffs from identifying the Doe Defendants and pursuing their copyright infringement claims against them, Plaintiffs ask that the Court reconsider the terms of its April 18, 2007 Order.

WHEREFORE, Plaintiffs respectfully request that this Court re-issue its April 18, 2007 Order to include the statement contained in Plaintiffs' Proposed Order that the information requested in the Plaintiffs' subpoena is "ordered pursuant to 47 U.S.C. § 551(c)(2)(B)."

Dated: Stamford, Connecticut
      July 12, 2007

By: _____
Brian E. Moran (BM-8573)
Richard J. Guida (RG-5147)
Robinson & Cole LLP
885 Third Avenue, Suite 2800
New York, NY 10022-4834
Telephone: (212) 451-2900
Fax: (212) 451-2999

4