UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MAVERICK RECORDING COMPANY, a California joint venture; INTERSCOPE RECORDS, a California general partnership; ARISTA RECORDS LLC, a Delaware limited liability company; WARNER BROS. RECORDS INC., a Delaware corporation; LAVA RECORDS LLC, a Delaware limited liability company; ELEKTRA ENTERTAINMENT GROUP INC., a Delaware corporation; VIRGIN RECORDS AMERICA, INC., a California corporation; CAPITOL RECORDS, INC., a Delaware corporation; ATLANTIC RECORDING CORPORATION, a Delaware corporation; BMG MUSIC, a New York general partnership; MOTOWN RECORD COMPANY, L.P., a California limited partnership; UMG RECORDINGS, INC., a Delaware corporation; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; PRIORITY RECORDS LLC, a California limited liability company; and LAFACE RECORDS LLC, a Delaware limited liability company,

        Plaintiffs,

-against-

DOES 1 - 10,

        Defendants.

Civil Action No.: 1:07-cv-03100-PAC

---

**STATUS REPORT**

Pursuant to the Court's September 8, 2007 inquiry regarding the status of this case, Plaintiffs, through their undersigned counsel, state the following:

1. On April 18, 2007, Plaintiffs filed their Complaint and motion for expedited discovery requesting permission to serve a third party subpoena on Time Warner Cable ("Time Warner"). The Court granted Plaintiffs' request for expedited discovery that same day.

2. Plaintiffs served Time Warner with a third party subpoena on April 26, 2007.

3.  After Time Warner objected that it would not comply with the subpoena unless the Court's Order specifically stated that the Order had been issued pursuant to the Cable Communications Policy Act ("Cable Act"), Plaintiffs filed a motion requesting that the Court amend the language of its April 18, 2007 Order to state that the Order was issued pursuant to the Cable Act.

4.  The Court denied Plaintiffs' Motion for Reconsideration on July 17, 2007.

5.  Plaintiffs have subsequently contacted Time Warner to determine its willingness to comply with the subpoena in light of the Court's July 17, 2007 Order. Time Warner has indicated to Plaintiffs' counsel that it is willing to comply with the subpoena.

6.  Before complying with the subpoena, Time Warner must provide notice of the subpoena to those subscribers whose information will be disclosed pursuant to the subpoena.

7.  Plaintiffs learned today that Time Warner will be sending out notices of the subpoena to relevant subscribers today. Each subscriber will have 10 days to object or move to quash the subpoena.

8.  Accordingly, Plaintiffs believe they will receive a complete subpoena response in approximately 10 days. Once Plaintiffs receive a complete subpoena response from Time Warner, they will dismiss the present action and pursue each Doe defendant individually.

Dated: New York, New York
September 10, 2007

By: _____
Brian E. Moran (BM-8573)
Richard J. Guida (RG-5147)
Robinson & Cole LLP
885 Third Avenue, Suite 2800
New York, NY 10022-4834
Telephone: (212) 451-2900
Fax: (212) 451-2999